```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
WALTER HIMMELREICH,                 :
                                    :
        Petitioner,                 :   Civ. No. 21-5692 (NLH)
                                    :
    v.                              :
                                    :
WARDEN DAVID E. ORTIZ,              :   OPINION
                                    :
        Respondent.                 :
_____ :

Appearances:

Walter Himmelreich
13152-067
C/O Capitol Pavilion
2012 North Fourth Street
Harrisburg, PA 17102

    Petitioner pro se

Angela Juneau
DOJ-USAO
Office of the U.S. Attorney, District of New Jersey
970 Broad Street
Suite 700
Newark, NJ 07102

    Counsel for Respondent

HILLMAN, District Judge

  I.    INTRODUCTION

    Petitioner is a federal inmate formerly incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner seeks earlier placement into a Residential Re-entry Center ("RRC") at the end of the term of

his imprisonment.  For the following reasons, the habeas petition will be denied as moot.

II. BACKGROUND

Petitioner filed this habeas petition in March, 2021.  See ECF No. 1.  Petitioner states he was initially only given seventy-eight days placement at an RRC at the end of his prison term which would have placed him in an RRC on October 5, 2021.  See ECF 1 at 3.  Petitioner argues and requests this Court order the Federal Bureau of Prisons ("BOP") to place him in an RRC on or before June 21, 2021 pursuant to the Second Chance Act.  See id. at 7.

On May 17, 2021, Petitioner filed a letter indicating that his new placement date into an RRC was now May 25, 2021.  See ECF No. 7.  Petitioner admits this new placement date effectively moots his requested habeas relief.  However, he requests this Court "rule" on whether it had jurisdiction to rule on his habeas petition in the first place.

On May 25, 2021, Respondent filed a letter requesting this Court dismiss the habeas petition as moot.  See ECF No. 8.  Respondent asserts the habeas petition is now moot because Petitioner was placed in an RRC on May 25, 2021.  See id.  Respondent concedes in his letter though that this Court had jurisdiction to consider Petitioner's habeas petition when it was filed.  See id.

2

III. DISCUSSION

This Court had jurisdiction to consider Petitioner's habeas petition at the time it was filed because Petitioner "could resort to federal habeas corpus to challenge a decision to limit his RRC placement[.]"  See Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005)).  However, as both parties concede, Petitioner's placement in an RRC now renders his habeas petition moot because this Court could not provide redress for any injury Petitioner may have suffered.  See Buczek v. Maiorana, 526 F. App'x 152, 153-54 (3d Cir. 2013) ("We agree with the District Court that Buczek's transfer to an RRC rendered his habeas petition moot. Even if the District Court were to render a decision in Buczek's favor regarding RRC placement, it could provide no redress for any injury that Buczek may have suffered from the Bureau of Prisons' action.") (internal citation omitted); Ganim v. Ebbert, No. 09-0272, 2010 WL 5556173, at *2 (W.D. Pa. Dec. 8, 2010) ("Petitioner's sole habeas claim challenges the length of time his Unit Team recommended for his RRC placement. Petitioner's subsequent transfer from FCI-McKean to an RRC on January 21, 2010, effectively rendered moot the relief sought by Petitioner in this case."), report and recommendation adopted by, 2011 WL 53475 (W.D. Pa. Jan. 7, 2011).

A party can overcome mootness if he can demonstrate "collateral consequences."  See Chong v. Dist. Dir. Immigration and Naturalization Serv., 264 F.3d 378, 384 (3d Cir. 2001) (noting exception to mootness doctrine where secondary or "collateral" injuries survive after resolution of the primary injury).  However, despite recognizing himself that his habeas petition is now moot, Petitioner comes forward with no "collateral consequences" to overcome the mootness of his habeas petition.  Therefore, the habeas petition will be denied as moot.

IV.  CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot.  An appropriate order will be entered.


Dated: September 1, 2021            ___s/ Noel L. Hillman_____
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

4