```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
WALTER HIMMELREICH,                :
                                   :
        Petitioner,                :   Civ. No. 21-5692 (NLH)
                                   :
    v.                             :
                                   :
WARDEN DAVID E. ORTIZ,             :   OPINION
                                   :
        Respondent.                :
_____:

Appearances:

Walter Himmelreich
13152-067
Cumberland County Prison #21-110
1101 Claremont Road
Carlisle, PA 17015

    Petitioner pro se

Philip R. Sellinger, United States Attorney
Angela Juneau, Assistant United States Attorney
Office of the U.S. Attorney, District of New Jersey
970 Broad Street
Suite 700
Newark, NJ 07102

    Counsel for Respondent

HILLMAN, District Judge

I.    BACKGROUND

    Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking earlier placement into a Residential Re-entry Center ("RRC") at the end of the term of his imprisonment. ECF No. 1. Petitioner wrote to the Court on May 2, 2021 stating that the Federal Bureau of Prisons ("BOP")

"partially satisfied the Complaint in this habeas corpus action" because it informed Petitioner that he would be placed into a halfway-house on May 25, 2021.  ECF No. 7.  "I believe this action effectively settles the requested relief requested by me of extended halfway-house time in compliance with the Second Chance Act . . . ."  Id.  He contended that the § 2241 petition was not moot because his transfer did "not settle the question . . . as to whether or not the Court has jurisdiction to rule on a matter such as I have raised in a habeas corpus proceeding."  Id.

The United States filed a motion to dismiss the petition as moot based on Petitioner's assignment to a RRC.  ECF No. 8.  The Court granted the motion on September 1, 2021.  ECF No. 13.  In its dismissal opinion, the Court concluded it did have jurisdiction under § 2241 "because Petitioner 'could resort to federal habeas corpus to challenge a decision to limit his RRC placement.'"  ECF No. 12 at 3 (quoting Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012)).  However, it dismissed the petition as moot because Petitioner received the relief he had requested, and the Court could grant no further relief.  Id.

Petitioner moved to reopen the petition on December 15, 2021.  ECF No. 15.  He confirmed that he was moved to the Capitol Pavilion halfway-house in Harrisburg, Pennsylvania on May 25, 2021.  Id. ¶ 2.  He registered with the Pennsylvania

2

State Police as a sex offender on June 3, 2021, id. ¶ 9, and received positive evaluations from his case manager up until July 29, 2021, id. ¶ 12.  "[A]fter the Petitioner returned from work on Monday, August 2, 2021, he was given an Incident Report saying that the 'spyware' on his phone had shown an alert that the Petitioner had viewed pornographic materials . . . in violation of his phone contract agreement." Id. ¶ 13.  Capitol Pavilion referred the incident report to a Disciplinary Hearing Officer ("DHO") at FCI Fort Dix.  Id. ¶ 14.  On August 5, 2021, Petitioner was moved to the Cumberland County Prison in Carlisle, Pennsylvania.  Id.  He received notice from the DHO that he would not be permitted to participate in the halfway house program for 6 months and would lose 27 days of good conduct time.  Id.  Petitioner states he filed an appeal with the BOP's Northeast Regional Director contesting the DHO's decision.  Id.  He also alleges that the United States Marshals refused to let Petitioner take any of his legal papers or medications with him when they moved him from Capitol Pavilion to the Cumberland County Prison.  Id. ¶ 15.  The United States opposes the motion.  ECF No. 16.

On April 19, 2022, the United States filed a letter stating that Petitioner had been released from BOP custody on January 14, 2022.  ECF No. 20.

II.  DISCUSSION

Petitioner appears to rely on Federal Rule of Civil Procedure 60(b)(4), stating "the judgment of mootness is void (and the Petitioner withdraws his agreement that the case is moot) . . . ."  ECF No. 17 at 14.  "Rule 60(b)(4) allows a court to relieve a party from a final judgment if 'the judgment is void.'  A judgment is void within the meaning of Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant."  Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008) (quoting Fed. R. Civ. P. (6)(b)(4)).  "Relief under Rule 60(b)(4) is not available merely because a disposition is erroneous.  Rather, before a judgment may be deemed void within the meaning of the rule, it must be determined that the rendering court was powerless to enter it." Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987) (internal quotation marks omitted).

The Court had jurisdiction over the original petition under § 2241; therefore, Rule 60(b)(4) does not apply to Petitioner's motion.  However, the Court would deny the motion even if it were to construe it as a motion for reconsideration under Rule 59(e) or as a motion for relief from judgment under Rule 60(b)(6).  The BOP released Petitioner from its custody on January 14, 2022.  ECF No. 20.  The Supreme Court held that the supervised release statute, 18 U.S.C. § 3624, does not permit a

4

court to credit a supervised release term with a period of excess prison time. United States v. Johnson, 529 U.S. 53 (2000). Accord DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting Johnson)). It would be futile to reopen the proceedings because the Court can grant no further relief to Petitioner under § 2241.

III. CONCLUSION

For the foregoing reasons, the Court will deny the motion to reopen. An appropriate order will be entered.


Dated: May 12, 2022          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

5